UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DAWN CAPRONE, on her own behalf and
others similarly situated,

    Plaintiff,

v.

BAIN CAPITAL PARTNERS, LLP,
a foreign limited liability partnership,

    Defendant.
_____/

## COMPLAINT

1.    Plaintiff, DAWN CAPRONE (hereinafter referred to as "Plaintiff"), was an employee of Defendant, BAIN CAPITAL PARTNERS, LLP, a foreign limited liability partnership "Defendant"), and brings this action on behalf of herself and other current employees and former employees of Defendant similarly situated to her for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

2.    During the three (3) year statute of limitations period since March 2007 (the "material time"), Plaintiff performed work for Defendant in one or more work weeks in a store in Broward County, Florida in a position entitled "Merchandising Manager" that involved job duties that were primarily non-exempt in nature.

1

3. Defendant, BAIN CAPITAL PARTNERS, LLP, is a foreign limited liability parternship that has owned and/or operated a business with multiple store locations within the jurisdiction of this Court and that employed Plaintiff and similarly situated persons.

4. Based upon information and belief, Defendant has operated and continues to operate a total of approximately 394 or more retail stores throughout virtually every state in the United States. It is the intent of this collective action to apply to all similarly situated employees of Defendant in the United States.

5. This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

6. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C.§216(b).

7. At all times material hereto, each Defendant has employed two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

8. Based upon information and belief, the annual gross sales volume of each Defendant has been in excess of $500,000.00 per annum at all times material hereto.

9. At all times material hereto, each Defendant has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. The additional persons who may become Plaintiffs in this action are Defendant's current and former employees who have performed the duties of a merchandising manager, however precisely titled, at every retail store in the United States who have worked in excess of forty (40)

hours ("overtime hours") during one or more work weeks during the material time but did not receive time and one-half of their regular rate of pay for all of the overtime hours they worked (the "asserted class").

11. Plaintiff regularly worked in excess of forty (40) hours per week in one or more weeks during her employment with Defendant.

12. Likewise, the other employees similarly situated to Plaintiff in the asserted class have regularly worked in excess of forty (40) hours in one or more work weeks during their employment with Defendant during the material time.

13. However, Defendant did not pay time and one-half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to her in the asserted class for their overtime hours worked during the material time.

14. Instead, during the material time, Defendant has mis-classified Plaintiff and the other employees in the asserted class as being "exempt" from the protections of the Fair Labor Standards Act, paying Plaintiff and the other similarly situated employees on a salaried basis without compensating them at time and one-half of their regular rate of pay for their overtime hours worked for all or part of their tenure with Defendant.

15. Based upon information and belief, Defendant has failed to maintain accurate records of the start times, stop times, actual hours worked each day, and total hours worked each week by Plaintiff and the other similarly situated employees for each work week during the material time.

16. The complete records, if any, concerning the compensation actually paid to Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendant.

17. Plaintiff has retained the undersigned counsel and incurred, and continues to incur, attorneys' fees in the prosecution of this case.

### COUNT I -- RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 17.

19. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per work week during her employment with Defendant during the material time.

20. All similarly situated employees of Defendant are similarly owed their overtime rate for each of the overtime hours they have worked and were not properly paid in one or more weeks during the material time.

21. Defendant has knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to her in the asserted class at time and one-half of their regular rate of pay for all overtime hours worked in each work week.

22. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to her in the asserted class) have suffered damages plus incurring costs and reasonable attorneys' fees.

23. As a result of Defendant's willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to her in the asserted class) are entitled to liquidated damages.

24. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

25. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, DAWN CAPRONE, and those similarly situated to her in the asserted class, who have or will opt into this action, demand judgment against Defendant for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

Dated: March 29, 2010
Boca Raton, Florida

Respectfully submitted,

_____
Gregg I. Shavitz, Esquire (FBN 11398)
E-mail: gshavitz@shavitzlaw.com
Hal B. Anderson, Esquire (FBN 93051)
E-mail: hal.anderson@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 South Florida Hwy, Suite 404
Boca Raton, Florida 33432
Tel: (561) 447-8888; Fax: (561) 447-8831
Attorneys for Plaintiff